**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT CHATTANOOGA**

| | | |
|---|---|---|
| BILLY WAYNE LOCKE, | ) | |
| | ) | Case No. 1:22-cv-3 |
| *Plaintiff,* | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Christopher H. Steger |
| U.S. GOVERNMENT, *et al.* | ) | |
| | ) | |
| *Defendants.* | ) | |

---

**MEMORANDUM OPINION**

---

On January 3, 2022, Plaintiff Billy Wayne Locke filed a complaint (Doc. 1) and a motion for leave to proceed *in forma pauperis* (Doc. 2).

A litigant may commence a civil action in federal court without paying a filing fee when the litigant demonstrates that he is unable to pay court costs and fees. 28 U.S.C. § 1915(a). A district court may, however, dismiss such a complaint if it is frivolous or it fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(i)–(ii). The standard for whether a plaintiff has stated a claim under § 1915(e)(2) is the same standard for evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2007). Accordingly, to avoid dismissal, a complaint must contain a short and plain statement showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). A complaint need not state "detailed factual allegations," but it must contain more than mere "labels and conclusions, . . . a formulaic recitation of the elements," or "naked assertions . . . without further factual enhancement." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007) (citations omitted). In applying these standards, the Court also recognizes that the pleadings of pro se

litigants are to be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nevertheless, pro se plaintiffs must abide by "basic pleading standards," and the role of the court is not to "conjure allegations on a litigant's behalf." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (internal quotation marks and citations omitted). "[P]ro se litigants are not relieved of the duty to develop claims with an appropriate degree of specificity." *Kafele v. Lerner, Sampson, Rothfuss, L.P.A*, 161 F. App'x 487, 491 (6th Cir. 2005).

In this case, Plaintiff's complaint includes a heading indicating that it is a complaint for violation of civil rights under 42 U.S.C. § 1983. (*See* Doc. 1.) The case caption indicates that Plaintiff is seeking to assert claims against his "first" and "second" sentencing attorneys, the United States Government, and the United States Probation Department. (*Id*.) Plaintiff's factual allegations, in their entirety, are as follows:

> My first attorney for every day that he got me sentence to, more than I was suppose to do. he got me sentenced to 235 months I was only supposed to do 96 at most.
>
> My resentencing attorney got me resentence to 118 months to wher[e] I was supposed to have got no more than 96.
>
> I got resentenced 8-31-21 to 96 months but I have already done 118 months. 22 months more than I was supposed to do.

(*Id*. at 4.)

To state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "[s]ection 1983 . . . creates a right of action for the vindication of constitutional guarantees found elsewhere"). Nonetheless, Plaintiff's conclusory allegations fail to state a claim under § 1983. First, his attorneys, even if appointed by the Court,

are not state actors under § 1983.[1]  *Mulligan v. Schlachter*, 389 F.2d 231, 233 (6th Cir. 1968);

*West v. Lambert*, 3 F. App'x 440, 441 (6th Cir. 2001).  Second, even if a § 1983 claim against

the United States Government and the United States Probation Office were cognizable,

Plaintiff's complaint fails to include any allegations regarding how the United States

Government or the United States Probation Office violated his rights.[2]  Accordingly, the Court

will dismiss Plaintiff's complaint under 28 U.S.C. § 1915(e)(2).

For these reasons, Plaintiff's complaint (Doc. 1) is **DISMISSED WITH PREJUDICE**

and his motion for leave to proceed *in forma pauperis* (Doc. 2) is **DENIED AS MOOT**.  The

Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would

be totally frivolous.  *See* Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT WILL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**

---

[1] To the extent Plaintiff contends that he received ineffective assistance of counsel that resulted in him receiving a higher sentence that he should have, he should file a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

[2] The Court notes that there are likely numerous other bases to find that Plaintiff's complaint fails to state a claim under § 1983 against the United States and the United States Probation Office.